IN THE SUPREME COURT OF THE STATE OF NEVADA

| IN THE MATTER OF DISCIPLINE OF DOUGLAS W. NICHOLSON, BAR NO. 3654 | No. 84493 |
|---|---|

FILED

JUN 21 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Douglas W. Nicholson. Under the agreement, Nicholson admitted to violating RPC 3.4(c) (fairness to opposing party and counsel: knowingly disobeying an obligation under the rules of a tribunal), RPC 5.5 (unauthorized practice of law), RPC 8.4(c) and (d) (misconduct), and SCR 115 (duties regarding suspended attorneys). He agreed to a one-year suspension to run consecutive to the suspension in *In re Discipline of Nicholson (Nicholson Discipline 2020)*, No. 81190, 2020 WL 4284480 (Nev. July 24, 2020) (Order of Suspension), and the payment of costs.

Nicholson has admitted to the facts and violations as part of his guilty plea agreement. The record therefore establishes that Nicholson violated the above-referenced rules by failing to inform two clients about his 2020 suspension and continuing to represent those clients while suspended from the practice of law.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (explaining the purpose of attorney discipline). In determining the appropriate discipline, we weigh four factors: "the duty violated, the

22-19547

lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Nicholson knowingly violated duties owed to his clients and the profession, resulting in injury or potential injury to all. The baseline sanction for his misconduct, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 7.2 (Am. Bar Ass'n 2017) (providing that "[s]uspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports the one mitigating circumstance (cooperative attitude towards the disciplinary proceeding) and one aggravating circumstance (substantial experience in the practice of law) found by the panel. However, the panel failed to consider as an aggravating factor Nicholson's lengthy disciplinary history, *see* SCR 102.5(1)(a), which includes the suspension leading to the unauthorized practice of law at issue here, *see, e.g., Nicholson Discipline 2020*, 2020 WL 4284480 (suspending Nicholson for two years for numerous violations relating to failing to communicate with clients, move cases forward, or fully participate in disciplinary proceedings); *In re Discipline of Nicholson*, No. 78799, 2019 WL 4391206 (Nev. Sept. 12, 2019) (Order Approving Conditional Guilty Plea Agreement) (imposing a stayed two-year suspension where Nicholson admitted to "engaging in a pattern of neglect and violating duties owed to his clients and to the legal system"); *In re Discipline of Nicholson*, No. 74721, 2018 WL 2431674 (Nev. May 24, 2018) (Order of Suspension) (imposing a six-month suspension for Nicholson's failure to pay a former client as stated in a promissory note and ordered in

a judgment); *In re Discipline of Nicholson*, No. 56184, 2012 WL 432551 (Nev. Feb. 9, 2012) (Order Approving Conditional Guilty Plea Agreement) (imposing a six-month-and-one-day suspension for misconduct related to two different clients). As Nicholson's disciplinary history suggests a pattern of misconduct, we find the agreed-upon discipline to be insufficient. Indeed, the panel should have considered such history when deciding whether the agreed-upon discipline sufficiently protected the public, the courts, and the legal profession.

Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Northern Nevada Disciplinary Board for further proceedings consistent with this order.

It is so ORDERED.

_____, C.J.
Parraguirre

_____, J.          _____, J.
Hardesty                                            Stiglich

_____, J.          _____, J.
Cadish                                               Silver

_____, J.          _____, J.
Pickering                                          Herndon

cc:     Richard F. Cornell
        Chair, Northern Nevada Disciplinary Board
        Bar Counsel, State of Nevada